The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable James A. Kinect presiding. Our next case of the morning is 424-0804 Jessica Delgado v. Rockford Memorial Hospital. Appellant, please state your name. Andy Cordova on behalf of Dr. Lester Jergens and Rockford Memorial Hospital. Thank you. And for the appellee? Cynthia Caroll on behalf of Jessica Delgado as DEC's best friend of Aaliyah Purifoy. Thank you. You may proceed, Ms. Chidova. Cynthia Caroll May it please the Court, Counsel. Very few things in the law are sort of axiomatic in our system. And deference to a jury and coming to a verdict is one of them. And there's many reasons for that. The cost to society and proceeding a case through discovery and to a jury trial and to verdict is expensive. It is expensive to society. It is expensive to the taxpayers. It takes the time of the 12 to 14 jurors, including the alternates, and it takes the time of counsel. In this case, we went all the way through. Most cases don't. But we got all the way through and we got to a verdict. And now we are before you because the question is, ultimately, if it's broken down to the very simplest form, does a scar require that the jury awards any amount of damages? The case law is clear. The only examples in Illinois answer that question with a resounding no. The jury is the only, as the finder of fact, is the only decider or only has the full role of determining the credibility of the witnesses and weighing the evidence before it. The jury does that by considering, as it's in the jury instructions, their own common sense gained from their experiences in life. They can't use speculation and they can't consider sympathy. They're told this. The reason the jury's decision is so important and is given such substantial deference and discretion is because each individual person in the jury sits together and they combine their thoughts and their own experiences and they deliberate and they make that decision. They consider the witnesses and what they testified to and they consider the evidence. If I were to do that, the trial judge were to do that, or the three of you were to do that, we're ultimately sitting as a second jury. We don't have the same experiences and, in fact, if this case is retried, it will not be the same jury, the testimony will not come in the same, and it may very well result in a different result. That's not what the law recommends, suggests, or holds. I am certain that your honors have read the three cases that I cited in the brief where the exact issue comes before the court. Skift versus Lizardo, it was an automobile accident. There was a scar. The jury awarded zero for loss of a normal life, which is the same that happened here, and zero for the scar. The court determined that that was not an abuse of discretion and upheld the verdict. Second case, Zutter versus Gibson, that's a second district case from 1997. Again, an auto collision. There was a surgical scar on the person's neck. It was indicated to the jury and the jury knew that this person was a salesman and the scar was on, was visible, but again, zero loss of a normal life and zero disfigurement. That verdict was again upheld. And Simon versus Van Steetland, a nine-year-old child, auto accident, her forehead was cut by glass shattering. She had a scar on her face. The jury awarded $2,300 for future medical, but the testimony was the scar could be treated, but it would not be made to disappear. It would be permanent. Zero for disfigurement. I would posit these three cases are not merely examples, but they stand for the legal axiom that a jury can award zero for disfigurement despite a permanent injury, specifically a  I recognize that the counter argument is simply that the court distinguished these cases. It looked at the evidence in this case and it determined the evidence wasn't the same. It was different. And within its discretion, it decided that those cases are not the same and found that the evidence here did not support going in the line of those cases. However, the real question is, did the evidence in any reasonable way support the jury's decision? And I believe it did. The jury could have considered the location of the scar and the fact that it was under the child's clothes. It could have considered the color and the appearance of the scar. It could have considered the reactions that the child showed showing it. And she did that more than once. She did it to a physician and they watched the video and she did it in front of them. Only the jury, as the cases indicate and the law indicates, can determine the credibility of the witnesses. So while there was testimony, both by the family members and by an expert physician in plastic surgery who has treated thousands upon thousands of children with scars, it may have very well determined that the credibility of the witnesses speaking on behalf of the child with respect to how she felt about the scar were not believable. Ultimately, it weighed that against what it saw the child do with respect to the scar. To determine how the child is going to feel in the future would be speculative. And the jury is told that they're not allowed to speculate. Damages such as loss of a normal life and disfigurement are subjective and not easily quantifiable. I mean, I think that we can agree to that. Where in one case, the jury may award $1,000 and another jury may award millions of dollars. We're always advised not to bring up the McDonald's case, but that's a very good example. The damages, the medical specials in that case were $160,000. Less than what was claimed or asked for here. The damages for this person, the non-tangible, non-medical specials were in the millions. But that was because that jury, listening to that plaintiff in that case, determined that that was the appropriate amount to be given. If we start going down the line of the jury did not, we assume or speculate that in the jury they completely ignored a measure of damages or an element of damages, didn't discuss it, even though they put numbers on some lines and others, then we're begging the question, what is the appropriate amount? Would we be overturning, would we be forcing a new trial if it was $10, $1,000? And on the opposite spectrum, what if it were $30 million? I think my argument would be that anything that is within the realm of what has been seen by the courts over the years is reasonable. There are cases that show that zero is reasonable. There was evidence to support that zero was reasonable in this case. Disfigurement also, I think is important to state, is not defined in the jury instructions. It is defined by the common sense and experiences of the members of the jury. If you look to literature or popular culture to find characters that have been described as disfigured, you will find Eric from the Phantom of the Opera, Voldemort from Harry Potter, Batman, the character called Two-Face, The Hunchback of Notre Dame, and Captain Hook. The jury very well may have determined that this child was not disfigured within their concept of what that means. They very well may have determined that this child was beautiful and did not want to give her, did not see her as disfigured, given where her scar is and the way she presented, and did not want to tell her that she was. We cannot assume that the jury ignored this element of damages simply because they awarded zero. In fact, the trial court determined that the zero for loss of a normal life, while it wasn't raised by plaintiffs, was also appropriate. And that is another very subjective determination. An argument could have been made as well as a disfigurement that this child did lose, would lose a normal life, and plaintiff's counsel did raise that argument, but did not take issue with the fact that the determination by the jury was that of the zero award. To uphold the decision of the trial court would mean that this case needs to be retried. The jury of 12 who sat and sat through 11 days of testimony over the course of two weeks and deliberated for 14 hours did it wrong. I do not think that we should send that message to this jury or any other jury that may be sitting in a similar circumstance. No retrial is ever the same as the first trial. And ultimately, the goal of the judiciary and the goal of the judicial process is justice. This child had her day in court. She was represented by counsel. She had the opportunity to put on witnesses before an impartial jury of 14 and then 12 that deliberated and a decision was made. The jury awarded some measure of damages for the medical. The jury awarded $5,000 for pain and suffering. And the jury awarded zero for disfigurement and zero for loss of a normal life. That award is supported by the law in Illinois. I realize that this opinion could go one of two ways. This opinion could uphold the trial court. And the three cases that I've cited you today would then have flags on them in Westlaw forevermore that it's distinguished by this case. But to make that ruling and to make that decision opens the door to retrials and not just this case, but many others. I don't think that should happen. If the law indicates that zero for a scar is appropriate by one jury, zero should be appropriate by this jury. Thank you. Thank you, counsel. I don't see any questions. We'll hear from the appellee. Good morning. May it please the court. This case, as my honorable colleague has stated, has some very simple elements to it. And the, I'm sorry, the standard on the case for you to reverse the decision of the trial court is that there must be a affirmative showing that the court clearly abused its discretion. When an Illinois court overturns a jury verdict, it uses an abuse of discretion standard. And that standard presumes that that trial court will rule reasonably and only overturn a decision if it was unreasonable. The abuse of discretion standard presumes that the trial court was with it in its authority to do what it did. And in order for there to be, for the trial court to have committed error, they must have done something that they're not authorized to do. They're certainly authorized to take the action that occurred in this case. The memorandum opinion of Judge Fabiano was very, very clear. And she indicated that the determinative issue is whether the plaintiff presented sufficient evidence of the scar and its effect on the minor such that she proved this element of damages and was entitled to some award for disfigurement. Let's break that up. Whether she proved this element of damages, the courts could turn to the appellant's brief to list for a listing of how the plaintiff proved the element of damages. As she indicated, the child showed her scar to the jury. The scar was depicted in a original photograph. This little girl, the laceration occurred while she was in utero, as she was being born. When the doctor went to do the cesarean section on the mother and cut through the outside skin, he cut through the uterus. And this is a laceration that was caused by the doctor's scalpel as it pressed through the skin and into the uterus. The child was injured from under the right breast, across the abdomen, in a lightning-shaped scar, down to the left groin. This resulted in her bowels spilling outside of her body. And a surgeon was required to take and place her bowels inside of her body and then to perform a closure. Now, the surgeon that closed this was a general surgeon, very talented general surgeon, but not a plastic surgeon. And the child was in critical condition. So the wound was closed as best as it could be closed. What does this have to do with disfigurement? I'm speaking about the way that it... Let me go further, your honor. The disfigurement resulted from... That is the injury that caused the disfigurement to the child's abdomen. We understand that. The severity of that process doesn't help us decide on disfigurement. I mean, it's not good for an infant to be going through that process, but describing that for us, I don't quite understand how that fits with the issue on appeal. The... Yes, sir. The defendant did present a plastic surgeon and the plastic surgeon gave an opinion on fixing the scar. I'll move on. The other... So we believe we have definitely provided evidence that we... That during the trial, there was sufficient evidence for the jury to have determined that there was disfigurement. Unfortunately, the jury did not provide anything for the disfigurement. And the trial court believed that the evidence... That the trial court believed that because there was sufficient evidence of disfigurement and the jury listed zero in the award for disfigurement, that a new trial was necessary. I'm sorry, I thought you were speaking. The case that is cited by the defendant is readily distinguishable. In Stift versus Lizardo, there was a scar on the plaintiff's neck in that case. It was a very small scar. It did not... And there was no testimony that it caused any grief, any embarrassment, or in any way that it bothered the plaintiff. It also... There was not any evidence in that case showing that the jury was able to fully view that scar. So there was no evidence in Stift case of how the scar appeared. In Zutter versus Gibson, the jury declined to award any sum for disfigurement or the surgical scar on the neck. The court held that the jury did not disregard a proven element of damages because there was no testimony that the scar was noticeable or that it caused the plaintiff any embarrassment or grief. This case is different. As I've described the scar, there is evidence of the scar and the child's concern and the effect on the child. The scar is not inconspicuous, hidden or minimal, as in Stift and in Zutter. The... Having concluded that the jury disproved an element of damages, the court then determined that it was necessary to order a new trial. And though the options were to order a new trial on damages only or order a new trial in its entirety, both the appellant and the appellee agree and have no dispute as to the court determining that there should be a trial on all counts. We believe that the Honorable Trial Court acted within her discretion. We believe that the appellate has not shown that the court in any way abused her discretion. She did what she was...  The court did what they were able to do under the law. And there's a very high standard, as you all know, in overturning the decision of the trial court. She observed the witnesses. She heard the testimony. She heard the arguments. And I believe that this court will find that the decision of the trial court should be upheld. Thank you. I see questions for the appellant. Ms. Genova, you may proceed. Okay. The jury has also afforded substantial discretion. The real measure to be determined by this court is whether the verdict was unreasonable, arbitrary, or not supported by the evidence. If there is evidence to support the verdict, there's as evidence a rational reason why the jury determined a zero award for disfigurement, then the jury's award stands. We have set forth the evidence of the jury considered and the possible thought processes they may have had. And if we take the trial court's view of that, what we're looking at is the trial court's judgment and substituting the trial court's judgment of that evidence for that of the jury. When you look at the cases as counsel just sort of talked through, what we're looking at is an appellate court summary of a trial court's recitation of the evidence shown to the jury and then deliberated by the jury. A picture is worth a thousand words, a video is maybe worth a million, but there's nothing that substitutes for sitting there live. And then when you apply sitting there live, the jury went back to the deliberation room and deliberated for 14 hours. 12 people deliberated for 14 hours. Whether Judge Fabiano determined that the child should have been awarded a certain measure of damages for disfigurement is not the question. The question is whether the award was unreasonable, arbitrary or not supported by the evidence. There was evidence to consider that the scar did not look bad, was well-heeled, was light, was going to be under her shirt and that she did not seem embarrassed by it. If each of those things were different, then would a dollar have been appropriate? Would a thousand dollars been appropriate? Once we walk this line, we're walking the line where we are constantly summarizing the trial court's recitation of what the jury may have thought or heard or decided. And I don't think that's appropriate. I think this jury verdict should stand. I see no questions. Thank you, counsel. We'll take this matter under advice.